## ALMA GOODNO v. JOHN FABIAN.

Decided November 7, 1923.

**Negligence—Accident Resulting from Upset of Motorcycle to Avoid Collision—Weight of Evidence—Verdict Contrary to Charge—Allegation That Complaint Did Not Allege Permanent Injury.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the rule, *Harold A. Price.*

*Contra, Alexander Simpson.*

PER CURIAM.

Miss Goodno, a young woman twenty-four years of age, was injured while riding in the side car of a motorcycle, which was driven by one Biers on the Mine Hill road from Lake Hopatcong to Dover. Biers was driving on the right-hand side of the road. As the motorcycle approached a cross-road the defendant's car, which was traveling in the opposite direction, turned off at the intersection of the two roads for the purpose of taking the cross-road. Biers, in order to avoid a collision, swung his motorcycle sharply to the right, and in doing this upset the car, inflicting the injuries for which Miss Goodno sues. The trial court left it to the jury to determine from the proofs in the case whether the accident occurred by reason of the negligence of the defendant in swinging his car across the front of the motorcycle without first giving warning of his intention to do so. The jury found this to be the fact and awarded Miss Goodno $7,500 as compensation for the injuries which she received.

The first contention made before us is that the finding of the jury on the question of the negligence of the defendant is against the weight of the evidence. Our examination of the proofs leads us to the conclusion that this contention is not well founded.

The next reason for reversal is that the verdict of the jury was contrary to the charge of the court upon the point just referred to. An examination of the charge itself satisfies us that the contention of counsel is not in accordance with the fact.

Next, it is said that the trial court improperly permitted the jury to award damages for permanent injuries and future pain and suffering. This reason is rested upon the alleged failure of the complaint to indicate that the plaintiff claimed compensation on any such basis. There is nothing in this point. The complaint alleges that the plaintiff was injured in and about her head and face; that her teeth were knocked out, her nose broken, and that she was injured about her shoulder, body and legs. These facts speak for themselves on the matter of the permanency of some of the injuries, and no additional force would have been given to the complaint by an assertion in the complaint itself that they were in fact permanent. It would not be necessary, for instance, where the suit was brought to recover for the loss of an arm, to aver in the complaint that the injury was permanent.

The last point is that the verdict is excessive. Although it is large, we cannot say—in view of the fact that not only has the earning power of the plaintiff been diminished, but that her face has been permanently disfigured, and that she must go through life with that disfigurement apparent— that it is so plainly excessive as to justify judicial interference.

The rule to show cause will be discharged.